# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

EUGENE SMITH,

      Petitioner,

v.                                         Case No. 3:18-cv-2104-MCR/MJF

MARK S. INCH,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Eugene Smith has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 7). Respondent ("the State") moves to dismiss the petition because the conviction at issue is conclusively valid. (Doc. 27). Smith opposes dismissal. (Doc. 29). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Smith's petition should be dismissed for lack of jurisdiction and because the conviction he challenges is conclusively valid.[1]

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.   Procedural History

On July 22, 2003, Smith was convicted, pursuant to his "no contest" plea, of felony Driving While License Suspended (Count 1), and misdemeanor Possession of Less Than 20 Grams of Marijuana (Count 2), in Escambia County Circuit Court Case No. 2003-CF-2748. (Doc. 1 at 1; Doc. 27, Ex. C1 at 5-14). Smith was sentenced on that date to a total term of two years of imprisonment. (*Id*.).[2]

Smith challenges the constitutionality of his 2003 conviction for Driving While License Suspended on the ground that his trial counsel was ineffective for failing to investigate and move to dismiss the charge because Smith told counsel, and his official driver record established, that his license was valid. (Doc. 7 at 5 in ECF). Smith concedes that by the time he commenced this action, he was "no longer serving a sentence for his 2003 conviction for Driving While License Suspended Third or Subsequent Conviction, case no. 2003 CF 2748." (Doc. 7 at 19 in ECF). He nonetheless argues that he satisfies the "in custody" requirement for federal habeas

---

[2] Smith's 2003 judgment resolved a number of charges. Smith pleaded no contest to five crimes charged in three separate cases: Escambia County Circuit Court Case No. 2003-CF-2748, No. 2001-CF-5796, and No. 2003-CF-0978. All of Smith's sentences were run concurrently, for a total term of two years of imprisonment. (Doc. 27, Ex. C1 at 5-14).

Page 2 of 16

jurisdiction, and may challenge directly the prior 2003 conviction, because it was used to enhance his subsequent conviction and sentence for Driving While License Revoked (Habitual Offender) in Escambia County Circuit Court Case No. 2005-CF-4276. (Doc. 7 at 13-14, 20). Smith alleges that he will begin serving the 2005 sentence upon expiration of the federal sentence he is now serving. (*Id.*). According to Smith, he is "in custody" on the 2005 state sentence, because the State has an "outstanding warrant" to take him into custody once he completes his federal term. (*Id.* at 14, 20).

The State moves to dismiss Smith's petition because: (1) Smith cannot challenge, directly, his 2003 conviction on federal habeas because he is no longer "in custody" under that conviction, and (2) even if Smith's petition were construed as a challenge to his 2005 conviction and sentence as enhanced by his prior 2003 conviction, the 2003 conviction is considered conclusively valid under the Supreme Court's decision in *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001). (Doc. 27).

Smith responds that he qualifies for habeas review of his 2003 conviction, because he satisfies one of the narrow exceptions recognized in *Coss*, for petitioners who obtain newly discovered evidence of their actual innocence. (Doc. 29).

## II.  Relevant Legal Principles

A federal district court has jurisdiction to consider a habeas corpus petition only from a petitioner "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a) (authorizing a federal court to entertain a habeas petition from a petitioner "*in custody pursuant to the judgment of a State court*") (emphasis added). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *id*. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.").

In *Maleng*, the habeas petitioner (Mr. Cook) filed a § 2254 petition listing as the conviction under attack a 1958 state conviction for which he already had served the entirety of his sentence. 490 U.S. at 489-90. Cook also alleged that the 1958 conviction was used to enhance state sentences imposed in 1978 which he had not begun to serve because he was serving a federal sentence on an unrelated matter. *Id*. at 489-90. The Supreme Court held that Cook could not bring a federal habeas petition directed solely at the 1958 conviction, even if that conviction was used to

enhance his 1978 sentences, because he was not "in custody" on the 1958 conviction. *Id*. at 492-93.

The Court went on to acknowledge, though, that Cook's § 2254 petition "can be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction." 490 U.S. at 493. The Court determined that Cook satisfied the "in custody" requirement for federal habeas jurisdiction because state officials lodged a detainer against him with federal authorities based on the 1978 sentences. *Id*. at 493-94. Having decided that jurisdictional issue, the Court "express[ed] no view on the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the 1978 sentences which it was used to enhance." *Id*. at 494.

The Supreme Court addressed the latter question in *Coss, supra*. In *Coss*, the habeas petitioner (Mr. Coss) filed a § 2254 petition challenging the constitutionality of his prior 1986 convictions, even though he had fully served those sentences. Coss contended that the 1986 convictions were used to enhance a subsequent 1990 state sentence he was currently serving. The Court held that Coss could not bring a federal habeas petition directed solely at the 1986 convictions, but that because he was currently serving the sentence for the 1990 conviction and his petition could be construed as challenging the 1990 sentence as enhanced by the 1986 convictions, Coss satisfied § 2254's "in custody" requirement. *Coss*, 532 U.S. at 401-02.

The Court then addressed the extent to which Coss's prior expired convictions themselves could be subject to challenge in his attack on his current sentence. The Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (citation omitted).

The Court recognized two exceptions to this rule. First, the rule does not apply when a petitioner "can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id*. at 404.

Second, the rule does not apply when "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." *Id*. at 406. For example, "after the time for direct or collateral review has expired, a [petitioner] may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id*. at 405.

### III. Discussion

    **A.** **Smith Cannot Bring A § 2254 Petition Directed Solely at the 2003 Conviction, Because He Is No Longer "In Custody" Under That Conviction.**

Smith's petition identifies the "conviction under attack" as his 2003 conviction for Driving While License Suspended. (Doc. 7 at 1). Applying *Maleng*, Smith is no longer "in custody" under the 2003 sentence, and therefore cannot bring a federal habeas petition directed solely at that conviction. 490 U.S. at 492; *see also Coss*, 532 U.S. at 401. This court lacks jurisdiction to consider a § 2254 petition directed solely at Smith's conviction in 2003-CF-2748.

    **B.** **Smith Cannot Bring a § 2254 Petition Directed at the 2005 Sentence in Case No. 2005-CF-4276, as Enhanced by the 2003 Conviction, Because of the Prohibition on "Second or Successive" Habeas Corpus Applications.**

Even giving Smith the benefit of construing his amended petition as challenging his 2005 sentence in 2005-CF-4276, as enhanced by the allegedly invalid 2003 conviction, this court still lacks subject matter jurisdiction to consider the petition.[3]

---

[3] The State does not dispute Smith's contention that the "outstanding warrant" in Case No. 2005-CF-4276 is a sufficient restraint to render him "in custody" under the 2005 state sentence.

The court takes judicial notice of its own records in *Smith v. Jones*, No. 3:16-cv-199-LC/CAS.[4] Smith initiated *Smith v. Jones*, on April 28, 2016, by filing a § 2254 petition in this court challenging his criminal judgment in Escambia County Circuit Court Case No. 2005-CF-4276. (*See* Case No. 3:16cv199-LC/CAS, Docs. 1 (petition), 7 (supplement), 16 (supplement)). This court dismissed the petition as untimely on June 8, 2017, and denied Smith a certificate of appealability. (*Id.*, Docs. 23, 27, 28).

Section 2244(b)(3)(A) of Title 28 of the United States Code provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court

---

[4] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of its own records." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because prisoner failed to obtain an order from the court of appeals authorizing him to file it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Smith's present § 2254 petition, construed as attacking his 2005 conviction for Driving While License Revoked in Case No. 2005-CF-4276, is a "second or successive" habeas corpus application. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (treating a § 2254 petition as a "second or successive" petition when it was filed after the district court denied a prior § 2254 petition as untimely); *Hutcherson v. Riley,* 468 F.3d 750, 754-55 (11th Cir. 2006) (explaining that a petitioner must satisfy the requirements of 28 U.S.C. § 2244(b) after his original § 2254 petition is dismissed as untimely). Smith does not allege or show that he obtained the Eleventh Circuit's authorization to file a second application. His failure to do so operates as a jurisdictional bar requiring dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### C. Smith Cannot Obtain Habeas Relief on His Claim That His 2003 Conviction Was Unconstitutionally Obtained, Because The 2003 Conviction Is Regarded as Conclusively Valid.

Even if this court had jurisdiction over Smith's petition, the Supreme Court's decision in *Coss* precludes this court from reviewing the constitutionality of the 2003 conviction. Smith's 2003 conviction is regarded as conclusively valid. *Coss*, 532 U.S. at 403.

Smith seeks to avail himself of *Coss*'s second exception for petitioners who obtain newly discovered evidence of their actual innocence.[5] Smith argues that he has compelling evidence that he is innocent of Driving While License Suspended in 2003, because his driver record from the State of Florida Department of Highway Safety and Motor Vehicles establishes that his driver license was valid (and not suspended) at the time of his arrest on April 14, 2003. (Doc. 7 at 20-22 & Ex. C). The problem for Smith is that he admits that his driving record was available to him prior to entering his plea. (Doc. 7 at 23 in ECF (alleging that prior to entering his

---

[5] The record establishes, and the parties do not dispute, that Smith was represented by counsel in Case No. 2003-CF-2748. (Doc. 7 at 13 in ECF; Doc. 27, Ex. C1 at 5). Therefore, *Coss*'s first exception is inapplicable.

plea, he "protested to counsel that his license was valid and his driver record would support his assertion.")).

The record confirms that Smith "uncovered" the evidence of his driver record, and collaterally attacked his 2003 conviction based on that evidence, as far back as 2003. Just two months after Smith was convicted, on September 7, 2003, he filed a § 2254 petition in this court in which he challenged his 2003 conviction on the same basis he now asserts. (*See Smith v. State of Fla.*, No. 3:03cv398-RV/EMT, Doc. 1). Smith contended: "I have a copy of my driving record and it clearly states I had a license on the date when I was charged with Habitual Driving While License Suspended." (*Id.*, Doc. 1 at 4). Smith's § 2254 petition was dismissed without prejudice on December 1, 2004, for his failure to prosecute and failure to comply with this court's orders. (*Id.*, Docs. 12, 14, 15).

While his § 2254 petition was pending, on September 16, 2003, Smith filed a motion for postconviction relief in the Escambia County Circuit Court attacking his 2003 conviction on the ground of "newly discovered evidence." (Doc. 27, Ex. G1 at 1-8). Smith alleged:

> I had a valid Florida Driver's license when I was charged with Habitual Driving While License Suspended. I have a copy of my driving record and it clearly shows that my license was valid at the time of the charge.

(*Id*. at 5). The state circuit court denied relief. (Doc. 27, Ex. G1 at 9-11 (circuit court's order)). The Florida First District Court of Appeal affirmed. *Smith v. State*, 868 So. 2d 528 (Fla. 1st DCA 2004) (Table) (copy at Doc. 27, Ex. G2). Over the next ten years, Smith filed two additional Rule 3.850 motions attacking his 2003 conviction based on his driver record and counsel's failure to seek dismissal of the charge. (*See* Doc. 27, Ex. Ex. H1 (second Rule 3.850 motion), Ex. C1 (third Rule 3.850 motion)). Smith's efforts were unsuccessful.

Thus, contrary to the rare circumstance for which *Coss* created an exception for newly discovered evidence of actual innocence, Smith could have, and did, uncover the allegedly new evidence (his driving record) before the time for direct and collateral review expired, and he used those forums to seek review of his 2003 conviction. This is not a case where a § 2254 petition directed at Smith's 2005 sentence is the first and only forum available for review of his 2003 conviction. *See Coss* at 403-06.

Because Smith does not meet the *Coss* exception for newly discovered evidence of actual innocence, his 2003 conviction in Case No. 2003-CF-2748 is regarded as conclusively valid. Smith cannot obtain habeas relief from his 2005 sentence on the ground that the 2003 conviction was unconstitutionally obtained. *Coss* at 403-04.

## IV. Dismissal is Appropriate

As set forth above, Smith's petition is subject to dismissal for several reasons. First, Smith is not "in custody" under the 2003 conviction. Second, even liberally construing his petition as challenging the 2005 sentence in Case No. 2005-CF-4276, as enhanced by the allegedly invalid 2003 conviction, this court lacks jurisdiction to consider a § 2254 petition directed at Smith's 2005 sentence, because it is an unauthorized "second or successive" habeas corpus application. Third, even if this court had jurisdiction to consider Smith's petition, the Supreme Court's holding in *Coss* requires this court to regard Smith's 2003 conviction as conclusively valid, thereby precluding habeas review of the constitutionality of that conviction.

## V. Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Smith has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation

by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss (Doc. 27) be **GRANTED**.

2. The amended petition for writ of habeas corpus (Doc. 7) be **DISMISSED**.

3. The District Court **DENY** a certificate of appealability.

4. The Clerk of Court close this case file.

At Panama City, Florida, this 21st day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal**

**the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**